JOSEPH TOMLINSON,
Plaintiff Below, Appellant,

*vs.*

LOEW'S INCORPORATED, a Delaware Corporation,
Defendant Below, Appellee,

and

LOUIS B. MAYER and SAMUEL BRISKIN,
Defendants Below, Appellants,

and

MONROE GREENTHAL, ET AL.,
Intervening Defendants Below, Appellees.

*Supreme Court of Delaware on Appeal, October 12 1957.*

*Arthur G. Logan* and *Aubrey B. Lank,* Wilmington, for appellants Louis B. Mayer and Samuel Briskin, and Henry M. Canby of Richards, Layton & Finger, Wilmington, for appellant Joseph Tomlinson.

*David F. Anderson,* of Berl, Potter & Anderson, Wilmington, and *Louis Nizer,* of Phillips, Nizer, Benjamin & Krim, New York City, for appellee Loew's Inc.

*Clair J. Killoran,* of Killoran & Van Brunt, Wilmington, for appellees Monroe Greenthal, et al.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

PER CURIAM. Because of the imminence of a meeting of stockholders of Loew's Incorporated, called for October 15, 1957, and at the request of counsel for appellants, we advanced the argument in this Court to October 9.

This Court, upon examination of the provisions of the by-laws of Loew's Incorporated, is of the opinion that the last sentence of Article V, Section 2 of the by-laws, providing for the filling of vacancies on the Board of Directors by the directors, in office, must be construed to apply only to cases in which the number of directors in office is less than a quorum. If it were not so construed, a conflict would exist between the provisions of Article V, Section 2, and the provisions of Article II, Section 8, paragraphs 13 and 14, and Article III, Section 1. For excerpts from these by-laws, see the opinion of the Chancellor dated August 26, 1957, 134 *A.2d* 518. The so-called "except" clause of Article II, Section 5, does not, in our opinion, relate to the quorum requirement, but to cases in which the affirmative vote of a greater number of directors than a majority is required for corporate action.

It is impossible to file before October 15 an opinion discussing all the arguments presented. Since we are in accord with the conclusion of the Chancellor as set forth in paragraph 2 of his judgment dated August 29, 1957, the judgment below is affirmed.